# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

LANDA WHITE,

    Plaintiff,

v.                                                          CASE NO. 1:12-cv-00206-MP-GRJ

TIMOTHY AARON HIPP, M.D.,
SURGICAL GROUP OF GAINESVILLE,
P.A., CENTER FOR OBESITY SURGERY
AND TREATMENT AT NORTH
FLORIDA REGIONAL MEDICAL
CENTER, NORTH FLORIDA
REGIONAL MEDICAL CENTER, INC.,
and ALLERGAN, INC.,

    Defendant.

_____/

# **O R D E R**

This matter is before the Court on the following motions: Docs. 5&6, defendant's motion to dismiss and related motion for judicial notice; Doc. 7, defendant's Motion for Leave to File an Amended Notice of Removal; Doc. 8, plaintiff's motion to remand; and Doc. 9, plaintiff's Motion to Extend Time to File Response to the Motion to Dismiss.

This case began when the plaintiff filed a complaint in state court on July 12, 2012, alleging medical malpractice claims against the healthcare defendants and various products liability and consumer protection claims against Allergan. The claims involve the implantation and management of a Lap-Band Adjustable Gastric Banding System device ("Lap-Band") which was sold by Allergan and implanted and managed by the healthcare defendants. See attach. 2 to Doc. 1. The plaintiff voluntarily dismissed the claims against the healthcare defendants on

August 31, 2012, leaving only the non-Florida defendant, Allergan. Doc. 8, ¶ 3.[1] Four days later, September 4, 2012, the plaintiff filed an Amended Complaint in state court that was nearly identical to the original complaint, which meant that it re-alleged the claims against the Florida healthcare defendants. Doc. 8, ¶ 4.

In the meantime, however, defendant Allergan, unaware of the Amended Complaint, filed a Notice of Removal on September 6, 2012, addressing only the original complaint from which the Florida healthcare defendants had been voluntarily dismissed. The Notice noted that once the Florida healthcare defendants were dismissed from the original complaint, complete diversity appeared to exist between Allergan (the only remaining defendant as far as Allergan knew at that time) and Ms. White, the plaintiff. Doc. 1. Allergan also moved to dismiss the complaint and for judicial notice of certain items that supported its motion to dismiss. Docs. 5 & 6.

Eventually, Allergan became aware of the Amended Complaint, and on September 19, 2012, filed a Motion for Leave to File an Amended Notice of Removal. Doc. 7. A few days later, and apparently unaware of defendant's motion to file an amended notice of removal, the plaintiff moved to remand the case to state court. Doc. 8. The motion to remand only made reference to the original Notice of Removal and did not specifically address the arguments contained in the proposed Amended Notice of Removal. Plaintiff then moved for an extension of time to respond to the motion to dismiss. Doc. 9. After that, Defendant responded to the motion to remand, at Doc. 11.

As the above description reveals, there has been some confusion in the timing of the

---

[1]The plaintiff does not explain exactly why the complaint against the healthcare defendants was voluntarily dismissed, but does mention that the Complaint was "filed prematurely during the pendency of the ninety (90) [day] pre-suit investigation" provided for by Fla. Stat. § 766.104. Doc. 8, ¶2.

pleadings in this case. To ensure that the issues are fully addressed by the parties and considered by the Court, and in the interests of justice, the Court will take the following housekeeping measures. First, because the motions to dismiss and for judicial notice, Docs. 5 & 6, refer to an original complaint which has now been amended, those motions are denied as moot, without prejudice to the defendant raising those issues in a separate motion regarding the Amended Complaint.[2] The Amended Notice of Removal will be accepted, and so the motion to remand currently pending will also be denied as moot without prejudice to plaintiff raising those issues in a motion directed to the Amended Notice of Removal. Finally, as the Court has terminated the currently pending motion to dismiss, the motion for extension of time to respond to it is denied as moot. Accordingly, it is hereby

> **ORDERED AND ADJUDGED**:
>
> 1. Doc. 7, the Motion for Leave to File an Amended Notice of Removal, is granted, and the Clerk is directed to enter the Amended Notice of Removal, found at attach. 4 of Doc. 7, as its own docket entry. The Clerk is also directed to attach Amended Complaint, attach. 2 of Doc. 7, to docket entry for the Amended Notice of Removal.
>
> 2. The plaintiff shall have until Friday, November 16, 2012, to file a motion to remand.
>
> 3. All deadlines in the case, including the deadline for filing a response to the amended complaint, are abated pending the resolution of the removal jurisdiction issue, other than the Summary of Attorney Time Records requirement from N.D. Fla. Loc. R. 54.1.
>
> **DONE AND ORDERED** this _19th_ day of October, 2012

                                    _s/Maurice M. Paul_
                                Maurice M. Paul, Senior District Judge

---

[2] In the interests of judicial economy, however, the defendant is free to simply incorporate by reference the motions at Doc. 5 & 6 in a later pleading without fully restating the arguments therein.